# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK,

##### IN JULY TERM 1838—IN THE SIXTY-THIRD YEAR OF THE INDEPENDENCE OF THE UNITED STATES.

---

Continued from Volume Nineteen.

---

### JENNINGS vs. MERRILL and others.

A contract of sale by a *factor* or agent, entrusted with goods for the purpose of sale, is *valid*, and will protect a purchaser against the *principal*, although no money is advanced, or negotiable instrument or other obligation given *at the time* of the contract; it is enough if an obligation be subsequently entered into *on the faith of the contract*, at any time whilst it remains unrescinded: It was accordingly held in this case, that the subsequent *endorsements* of promissory notes, and in anticipation of which the property was transferred, gave effect to the contract.

ERROR from the superior court of the city of New-York. This was an action of *trespass*, for taking and carrying away a quantity of merchandize, sent by the plaintiff, residing in Philadelphia, to a mercantile firm in New-York, transacting business under the name of Butler & Co. to be sold *on commission*. On the 9th October, 1834, Butler & Co. put into the hands of two of the defendants, transacting business in New-York, under the

VOL. XX. 2

name of *Merrill & Bowen,* an invoice of goods received from the plaintiff, amounting to $3135.19, with a note attached, that they considered the goods as the property of Merrill & Bowen to be removed at their pleasure. The goods were then in the store of Butler & Co. The invoice was delivered to Merrill & Bowen, to *secure them for endorsements to be made on the faith of it, upon the paper of Butler & Co., to about the amount of $2,500, as the same should be wanted by the latter firm in making purchases.* In the latter part of the month of October, 1834, Merrill & Bowen endorsed two notes for Butler & Co., amounting together to $2301.33, which they were subsequently obliged to pay. These notes were dated on the 23d and 28th October. The members of the firm of Butler & Co. having absconded, Merrill & Bowen on the 20th *December,* 1834, took possession of the goods specified in the invoice, and nine days thereafter, this suit was commenced. The chief justice of the superior court charged the jury, that if they should find that the endorsements of Merrill & Bowen were given *under the contract* between them and Butler & Co., relative to the property in question, *and upon the faith thereof,* that the defendants were entitled to a verdict. The counsel for the plaintiff *excepted* to the charge, and the jury found a verdict for the defendants. Judgment having been entered on such verdict, the plaintiff sued out a writ of error.

*D. Graham,* for the plaintiff in error, insisted that the contract between Butler & Co., and Merrill & Bowen was not *valid* within the meaning of the statute, *Session Laws of* 1830, *p.* 203; that to render a contract of a *factor,* entrusted with the possession of merchandize for the purpose of sale, obligatory upon his *principal,* it should be shown that the case came strictly within the terms of the statute; that the sale or disposition of the property was for *money advanced,* or for a *negotiable instrument,* or *other obligation* given by the person to whom the goods were transferred *at the time* of the contract. Here was neither: at the time of the contract there was no money advanced, nor was any instrument or obligation given by the party to whom the

Jennings *v*. Merrill.

goods were transferred. A transfer in anticipation of *future endorsements* to be made, is not within the meaning of the statute. The act of 1830, is a copy of the British statute; *Hammond's Prin. and Agent*, 203. And he contended, that according to the adjudications under that statute, the transfer in this case should not be supported, and referred to the book last cited, from page 417 to 423.

*G. C. Goddard*, for the defendant.

*By the Court*, NELSON, C. J. This case turns upon the true construction of the 3d section of the act of 1830, which provides, that " every factor or other agent entrusted with the possession of any bill of lading, &c., or who shall be entrusted with the possession of merchandize, for the purpose of *sale*, or as a security for any advance to be made or obtained thereon, shall be deemed the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for sale or disposition of the whole or any part of such merchandize, for any money advanced, or negotiable instrument, or *other obligation in writing, given by such other person upon the faith thereof.*"

The agreement in anticipation of future endorsements, was, no doubt, inoperative under the statute, till the liability was actually assumed; but after that we perceive no substantial reason against giving to it full effect. When the liability of Merrill & Bowen was assumed, the contract was unrescinded and existing, and the jury have found the endorsements were made upon the faith of it. There is nothing in the statute requiring that the contract should be made at the point of time the money is advanced, or the negotiable instrument, or other obligation in writing given—all it exacts is that one or the other should take place upon the faith of it. There must be a contract of sale or pledge existing at the time of the advance or obligation entered into, but it may have been previously arranged, and if open and unrescinded, is as binding and operative under the statute, as if then made.

Judgment affirmed.